Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
**CILENTI & COOPER, PLLC**
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MANUEL ORTEGA ORTEGA, on behalf of himself, and other similarly situated employees,<br><br>Plaintiff,<br><br>-against-<br><br>SALERNITANI LTD., doing business as SAN MATTEO PIZZERIA AND ESPRESSO BAR, located at 1739 Second Avenue, New York, NY 10128; and FABIO CASELLA and CIRO CASELLA, individually,<br><br>Defendants. | Case No.: 21 cv 8748<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>ECF Case<br><br>Jury Trial Demand |

---

Plaintiff, Manuel Ortega Ortega ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Salernitani Ltd., doing business as San Matteo Pizzeria and Espresso Bar, located at 1739 Second Avenue, New York, New York 10128 (herein, "San Matteo"); or any predecessor or successor business entity doing business as San Matteo Pizzeria and Espresso Bar, located at 1739 Second Avenue, New York, New York 10128; and Fabio Casella and Ciro Casella, individually (all defendants herein collectively referred to as the "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5.     Plaintiff is an adult resident of New York County, in the City and State of New York.

***THE DEFENDANTS***

6.      At all relevant times, Defendant, Salernitani Ltd., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as San Matteo Pizzeria and Espresso Bar, at 1739 2nd Avenue, New York, New York 10128.

7.      At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees lawfully earned wages, minimum wages, spread of hours premiums, and overtime compensation, in contravention of the FLSA and New York Labor Law.

8.      Defendant Fabio Casella, is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

9.      Defendant Ciro Casella is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, who actively participated, and continues to participate in the day-to-day operations of the corporate defendant and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

10.     The individual defendants Fabio Casella and Ciro Casella, each exercised control over the terms and conditions of Plaintiff's employment in that they had and have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work

schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

11. At all relevant times, defendants, Fabio Casella and Ciro Casella, created and implemented crucial business policies, including supervising the plaintiff and other employees, created workplace policies and procedures, work schedules, and also determined the method and manner by which the employees were to be paid.

12. Defendants, Fabio Casella and Ciro Casella, have been and are the restaurants' co-owners; they create and implement crucial business policies. They established payroll practices, including the amount of compensation paid to Plaintiff and other similarly situated employees; they personally paid Plaintiff and other similarly situated employees.

13. The defendant corporations are owned, operated, and controlled by the individual defendants Fabio Casella and Ciro Casella.

14. Defendants, Fabio Casella and Ciro Casella, exercised sufficient control over San Matteo's day-to-day operations as to be considered an employer of Plaintiff and others similarly situated under the FLSA and New York Labor Law.

15. Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, San Matteo, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, San Matteo, was, and continues to be, an "enterprise engaged in

commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

17. At all relevant times, San Matteo was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At relevant times, the corporate defendant Salernitani Ltd., had an annual gross volume of sales in excess of $500,000.

19. Defendants employed Plaintiff in New York County, New York, to work as non-exempt dishwasher, at Defendants' restaurant known as "San Matteo Pizzeria and Espresso Bar".

20. The work performed by Plaintiff was directly essential to the restaurant operated by Defendants.

21. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

23. Plaintiff was paid weekly and, at all relevant times, he worked a spread in excess of ten (10) hours, Defendants knowingly and willfully failed to pay lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

24. Plaintiff, Manuel Ortega Ortega, was employed by Defendants in New York County, New York, as a dishwasher at Defendants' restaurant known as "San Matteo Pizzeria and Espresso Bar", continuously from August 8, 2015, through April 2, 2020.

25. During his employment, Plaintiff Manuel Ortega Ortega worked well over forty (40) hours per week. Plaintiff Manuel Ortega Ortega generally worked seven (7) days a week, and his work shift consisted of between nine and a half (9 ½) and thirteen and a half (13 ½) hours per day; he worked a total of approximately seventy-eight and a half (78 ½) hours per week.

26. Plaintiff worked in excess of ten (10) hours per shift three (3) days per week. His assigned hours were 3:00 a.m. to 12:30 a.m., four (2) days per week; and 11:00 a.m. to 12:30 a.m., Fridays, Saturdays and Sundays.

27. Plaintiff was not a tipped employee.

28. Plaintiff was not paid wages for all hours worked, minimum wages, or overtime compensation. Plaintiff was paid a weekly salary of five hundred dollars ($500.00)

29. Plaintiff's pay did not vary when he was required to stay longer than his usual schedule.

30. Throughout his employment Plaintiff was promised a set salary for his working hours. Plaintiff was not paid an hourly wage or an overtime premium when he worked more than forty (40) hours per week, which was every week he worked for Defendants. Plaintiff was paid by cash.

31. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

32.     Plaintiff was not provided with a wage statement detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. Plaintiff was not required to sign for his pay and was not given any accounting of his hours and pay.

33.     Because his employers did not keep track of Plaintiff's start and end times on a daily basis, records maintained by the Defendants regarding the hours and pay of the Plaintiff and other similarly situated employees may be inaccurate or false.

34.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees wages for all hours worked; minimum wages; or overtime (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35.     Plaintiff was paid by cash, and he worked directly for the corporate and individual Defendants.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

36.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40. Plaintiff worked hours for which he was not paid any wages.

41. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

42. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff for some of the hours he worked.

43. Plaintiff was entitled to be paid at the rate of time and one-half the minimum rate (or her regular rate of pay, when higher) for all hours worked in excess of forty (40) each workweek.

44. The Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

45. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

47. The Defendants have failed to make, keep and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff prepared in the course of litigation may be false. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

54. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her wages for all hours worked, and minimum wages in the lawful amount for all hours worked.

55. Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

56. Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

57. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; damages for unreasonably delayed payment of wages; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for her in full for hours worked; and, overtime compensation due.

60. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

61. Plaintiff was not provided with a proper, written wage notice, as required by law.

62. Plaintiff was not provided with true and accurate weekly wage statements as required by law.

63. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

64. Defendants' failure to provide a weekly wage statement entitles plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

65. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated collective action members, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
       October 26, 2021

                                        Respectfully submitted,

                                        CILENTI & COOPER, PLLC
                                        **Counsel for Plaintiff**
                                        200 Park Avenue – 17th Floor
                                        New York, NY 10166
                                        Telephone  (212) 209-3933
                                        Facsimile  (212) 209-7102
                                        E-mail: pcooper@jcpclaw.com

                                        By: _____
                                            Peter Hans Cooper

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Manuel Ortega Ortega_, am an employee currently or formerly employed by _San Matteo Pizzeria_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 25_, 2021

_/s/ Manuel_